**Fernando Leopoldo PERALTA,
Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–01–135–CR.**

Court of Appeals of Texas,
Waco.

June 26, 2002.

Fernando Leopoldo Peralta, Houston, pro se.

Charles A. Rosenthal, Jr., Harris County District Attorney, Calvin A. Hartmann, Harris County Asst. District Attorney, Houston, for Appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

A jury found Fernando Leopoldo Peralta guilty of driving while intoxicated. The trial court sentenced him to 180 days in jail, but suspended that sentence and placed him on community supervision for one year. Acting as his own attorney, Peralta timely filed a notice of appeal. After a Clerk's record was filed, this cause was transferred from the 14th Court of Appeals to this Court. Since that time, a Reporter's record was due to be filed. The court reporter informed this Court that Peralta had not paid for the record to be transcribed. We informed Peralta by letter that if he did not pay the reporter or make arrangements to pay within 10 days, the appeal would be submitted on the Clerk's record alone. *See* TEX.R.APP. P. 37.3(c). The letter was returned as undeliverable.

On January 16, 2002, we abated this cause to the trial court with instructions to hold a hearing within thirty days of the date of this order to determine (1) where Peralta is now residing; (2) why no reporter's record has been paid for; (3) whether Peralta desires to proceed with the appeal; and (4) whether Peralta is indigent. *Id.* 38.8(b)(1). The trial court held a hearing on the abatement order on March 22, 2002. On March 29, 2002, the following findings were filed with this Court:

1. On March 22, 2002, the trial court asked for announcements in this case. The State appeared through an assistant district attorney. Appellant failed to appear.

2. The trial court mailed notice to appellant of today's court setting using the last known address on documents in the court's file and said notice was returned with an indication of insufficient address.

3. The court coordinator for this court contacted appellant's bonding company and was informed any and all phone numbers for appellant were no longer working numbers and they have also been unable to locate appellant. They believe appellant is currently residing and working in Mexico.

4. Appellant has made one effort to contact this court to request the cost of the transcript. He was to call back and failed to do so. He did not leave a number where he could be reached at the time he called.

The trial court concluded that Peralta does not desire to prosecute the appeal and has abandoned the appeal.

It has now been over a year since the clerk's record was filed. We have had no contact from Peralta who has been released on an appeal bond since February of 2001.

Peralta has completely failed in his duty to prosecute this appeal, to contact this Court, or to take any further action toward prosecuting this appeal. Under these circumstances, we conclude this appeal was not taken with the intention of pursuing it to completion, but instead was taken for the purposes of delay. Accordingly, we dismiss this appeal, under our inherent authority, for want of prosecution. *Bush v. State*, 80 S.W.3d 199 (Tex.App.-Waco June 12, 2002, no pet. h.); *see also McDaniel v. State*, 75 S.W.3d 605 (Tex. App.-Texarkana 2002, no pet. h.); *Rodri-*

*guez v. State,* 970 S.W.2d 133, 135 (Tex. App.-Amarillo 1998, pet. ref'd).