IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-01-00077-CR

 

Richard Scott,

                                                                      Appellant

 v.

 

State of Texas,

                                                                      Appellee

 

 



From the 220th District Court

Hamilton County, Texas

Trial Court # 00-06-07085

 



Opinion



 








          A
jury convicted Richard Scott of securing the execution of a document by
deception.  The court assessed his
punishment at one year’s confinement in a state jail and a $2,000 fine.  Scott represents himself on appeal and has failed
to file a brief.  We have reviewed the
record for unassigned fundamental error, and having found none, we will affirm.

Background

          The
indictment alleges in pertinent part that Scott:

          with
intent to defraud and harm another, by deception caused or induced Debbie
Rudolph, a public servant, to file or record a purported judgment of a
purported judicial officer of a purported judicial entity that is not expressly
created or established under the constitution or laws of this state or of the
United States.

 

The indictment charges an offense under section
32.46 of the Penal Code, which provides in pertinent part:

          (a)
A person commits an offense if, with intent to defraud or harm any person, he,
by deception:

 

          .  . 
.  .

 

          (2)
causes or induces a public servant to file or record
any purported judgment or other document purporting to memorialize or evidence
an act, an order, a directive, or process of:

 

                   (A)
a purported court that is not expressly created or
established under the constitution or the laws of this state or of the United States;

               

                   (B)
a purported judicial entity that is not expressly
created or established under the constitution or laws of this state or of the United States; or

 

                   (C)
a purported judicial officer of a purported court or
purported judicial entity described by Paragraph (A) or (B).

 

Tex.
Pen. Code Ann. § 32.46(a)(2) (Vernon 2003).

          Scott’s
right to counsel was addressed at length during several pretrial hearings.  Scott filed a motion alleging that he was
indigent and requesting funds to hire counsel of his own choosing.  Scott also filed a motion to obtain counsel
of his own choosing who is not a member of the State Bar.  The court denied these motions.

          The
State sent a letter to the trial judge asking the judge to plainly admonish
Scott on the record regarding the dangers and disadvantages of self-representation
because to that point Scott had not clearly and unequivocally waived his right
to counsel.  According to this letter,
Scott advised the court in an August 22, 2000 hearing that he did not want court-appointed
counsel “because he thought such counsel would betray him or ‘serve the court’s
interest.’”  In response, Scott filed a
pleading asserting that he had not “waived his right to counsel of his choice,
who is not a lawyer or member of the Texas BAR Association.”

          The
court allowed Scott to complete an application for court-appointed
counsel.  However, Scott filed a motion
to recuse, which was referred to another judge and denied.  In the affidavit supporting the recusal motion,
Scott notes that the “court has repeatedly lectured the defendant on the supposed
vital importance of his allowing the court to appoint an attorney to represent
him.”

The judgment recites that Scott appeared without
counsel at trial, “the Court having previously determined that Defendant
knowingly and intelligently asserted his right to self-representation and,
though claiming indigency, refused to request appointment of counsel or comply
with the requirements of art. 26.04(c) . . . of the Code of Criminal
Procedure.”

Appellate
History

          Scott sought a free appellate record and the
appointment of appellate counsel due to his alleged indigence. The trial court
denied Scott’s indigence claim because Scott refused to testify under oath or
by affirmation because of his religious beliefs. This Court reversed the indigence
ruling and remanded the matter to the trial court for further consideration. See
Scott v. State, 80 S.W.3d 184 (Tex. App.--Waco 2002, pet. ref’d).

          On remand, the trial court received testimony
and evidence from Scott and others. Scott’s mother-in-law testified that he
owns a home which she gave him and which is unencumbered.  The State presented evidence that the
appraised value of this home is $26,220. The trial court signed an order
denying Scott's indigence claim because: (1) he owns property worth more than
$20,000; and (2) he has made no effort to seek employment.  This Court affirmed this order in an
unpublished opinion.  See Scott v. State, No. 10-02-00350-CR,
2004 WL 691685 (Tex. App.—Waco
Mar.
 31, 2004, pet. dism’d, untimely filed) (not designated for publication).

          Thereafter,
the Clerk of this Court notified Scott that he must pay the reporter’s fee for
preparation of the reporter’s record or the appeal would be submitted on the
clerk’s record alone.  Despite being given
ample opportunity to do so, Scott did not pay the fee, and the Clerk notified
him that the appeal would be submitted on the clerk’s record alone.  See
Tex. R. App. P. 37.3(c).

          The
Clerk then notified Scott that his brief was due within thirty days.  After this deadline passed, the Clerk
notified Scott that his brief must be filed within fourteen days or the appeal
may be considered without briefs or dismissed for abuse of the judicial
process.  See Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim.
App. 1994); Peralta v. State, 82
S.W.3d 724, 725 (Tex. App.—Waco 2002, no pet.); see also Brager v. State, No. 0365-03,
2004 WL 3093237 (Tex. Crim. App. Oct. 13, 2004) (not designated for publication).  

Scott filed a motion to stay the appeal pending
the resolution of a habeas proceeding in the trial court.  This Court denied Scott’s request, and he
filed an interlocutory “appeal” from the denial by this Court.  The Clerk forwarded Scott’s appeal and the
record to the Court of Criminal Appeals, which concluded that Scott’s appeal
did not invoke its jurisdiction.  The
Clerk of this Court then notified Scott that he had thirty days to file the
appellant’s brief, again warning Scott that, if he failed to do so, the appeal
may be considered without briefs or dismissed for abuse of the judicial
process.  Id.

          After
Scott failed to file an appellant’s brief, the appeal was submitted without
briefs.

Should
The Appeal Be Dismissed?

          Rule
of Appellate Procedure 38.8(b) generally requires an appellate court to abate
an appeal to the trial court when the appellant’s brief in a criminal case is
not filed.  However, Rule 38.8(b) does
not apply when the appellant is representing himself.  See
Lott, 874 S.W.2d at 688 n.2; Wade v.
State, 31 S.W.3d 723, 725 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d)
(per curiam); Coleman v. State, 774
S.W.2d 736, 738-39 (Tex. App.—Houston [14th Dist.] 1989, no pet.).

          A
criminal appeal may not be dismissed because of an appellant’s failure to file
his brief.  Tex. Code Crim. Proc. Ann. art. 44.33(b)
(Vernon 1979); cf.
Tex. R. App. P. 38.8(a)(1)
(authorizing dismissal of civil appeal if appellant fails to file brief and
fails to reasonably explain such failure). 
However, a criminal appeal may be dismissed under rare circumstances for
bad-faith abuse of the judicial process. 
See Brager,
2004 WL 3093237, at *1-3; see also
Peralta, 82 S.W.3d at 725.

          Scott
has filed a significant number of ancillary pleadings and proceedings during
the course of this appeal.  Thus, it
could be argued that he has engaged in dilatory tactics and abuse of the
judicial process rather than seriously pursuing his appeal.  Cf. id.  A finding that he has done so would enable
this Court to dismiss the appeal.  See Brager,
2004 WL 3093237, at *3; Peralta, 82
S.W.3d at 725.  However, we decline to do
so.

          As
the Court of Criminal Appeals emphasized in Brager, the dismissal of an
appeal on this basis should be limited to “the most extreme
circumstances.”  Brager, 2004 WL 3093237, at
*6.  Although Scott’s case arguably tests
the limits for what constitute such circumstances, we will not dismiss his
appeal.  Rather, we will review the
limited record available to us for unassigned fundamental error.  See
Lott, 874 S.W.2d at 688; Carroll v.
State, 75 S.W.3d 633, 634 (Tex. App.—Waco 2002, no pet.); Wade, 31 S.W.3d at 725.

Fundamental
Error

          The
Court of Criminal Appeals has identified a limited number of errors which are
considered “fundamental.”  The Court has
identified three categories of fundamental error.  They are (1) the denial of absolute, systemic
requirements, (2) the violation of rights which are waivable
only, and (3) errors recognized by the legislature as fundamental.  See Saldano v. State, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002) (citing Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim.
App. 1993)).  

In Saldano, the Court enumerated the following “fundamental
errors”:

·                   
absence of
jurisdiction over the person of the defendant;

·                   
absence of
subject-matter jurisdiction;

·                   
prosecution
under an ex post facto law;

·                   
denial of
the right to counsel;

·                   
denial of
the right to a jury trial;

·                   
denial of
10 days’ preparation before trial for appointed counsel;

·                   
holding
trials at a location other than the county seat;

·                   
comments by
a trial judge which taint the presumption of innocence; and

·                   
jury charge errors resulting in egregious harm.

See Saldano, 70 S.W.3d at 887-89. 
We will review the clerk’s record for any of these errors.

          The
presentment of an indictment invests the trial court with jurisdiction over the
person of the defendant.  Olivo v. State, 918 S.W.2d 519, 524-25 (Tex. Crim. App. 1996); accord
Ramirez v. State, 105 S.W.3d 628, 629 (Tex. Crim.
App. 2003).  District courts have subject-matter
jurisdiction over felony cases.  Tex. Code Crim.
Proc. Ann. art. 4.05 (Vernon 2005).

          The
indictment in this case charges Scott with the commission of a state jail
felony.  Thus, the indictment invested
the trial court with jurisdiction over Scott’s person and over the subject
matter of the case.

          The
statute under which Scott was prosecuted was enacted in 1997.  See
Act of May 10, 1997,
75th Leg., R.S., ch. 189, § 2, 1997 Tex. Gen. Laws
1045, 1046 (amended 2003) (current version at Tex.
Pen. Code Ann. § 32.46 (Vernon Supp. 2004–2005)).  Scott committed the offense in 2000.  Thus, he has not been prosecuted under an ex post facto law.

          The
trial court labored diligently to ensure that Scott’s right to counsel was
scrupulously honored.  Ultimately
however, Scott refused to permit the court to appoint an attorney to represent
him.  Moreover, Scott is not
indigent.  The trial court gave Scott a
more-than-reasonable opportunity to hire his own attorney.  See
Tex. Code Crim.
Proc. Ann. art. 1.051(e) (Vernon 2005). 
Thus, Scott’s right to counsel has not been denied.

          Scott
requested and received a jury trial. 
Although it may be noted that the jury did not assess Scott’s
punishment, his jury request did not seek jury sentencing.  See
Tex. Code Crim.
Proc. Ann. art. 37.07, § 2(b) (Vernon Supp. 2004–2005).  Moreover, there is no constitutional right to
jury sentencing.  See McMillan v. Pa., 477 U.S. 79, 93, 106 S. Ct. 2411, 2420, 91 L. Ed. 2d 67 (1986); Martin v. State, 753 S.W.2d 384, 388
(Tex. Crim. App. 1988); Martinez v. State, 66 S.W.3d 467, 471 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).

          Because
Scott did not have appointed counsel, the ten days’ preparation time required
by article 1.051(e) does not apply. 
Scott himself had more than ten days’ notice before trial.

          Scott
was tried at the county seat.

          Because
Scott has failed to pay the reporter’s fee for preparation of the reporter’s
record, we cannot find that the trial court made any comments which improperly
tainted the presumption of innocence.

          Finally,
we have reviewed the jury charge and find it to be substantially correct.

Conclusion

We have reviewed the clerk’s record for
unassigned fundamental error.  Having
found none, we affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed April
 13, 2005

Publish

[CR25]