IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00276-CV

 

Donald Ray McCray,

                                                                                    Appellant

 v.

 

PRUDENTIAL INSURANCE,

                                                                                    Appellees

 

 



From the 12th District Court

Walker County, Texas

Trial Court No. 23418

 



MEMORANDUM OPINION



 

Appellant Donald McCray is attempting to appeal the trial court’s August 7, 2006 order taking notice that he had
been declared a vexatious litigant and dismissing his claims against Prudential
Insurance as mistakenly filed vexatious litigation under Texas Civil Practice
and Remedies Code § 11.103 and as frivolous under Texas Civil Practice and
Remedies Code § 14.003.  See Tex.
Civ. Prac. & Rem. Code Ann. §§ 11.103, 14.003 (Vernon 2002).  That
order does not adjudicate McCray’s claims against four other defendants.

We notified McCray that this appeal was subject to
dismissal for want of jurisdiction because it appears that he is attempting to
appeal a non-appealable interlocutory order that does not dispose of all
parties and claims.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001).  We stated that the appeal would be dismissed for want of
jurisdiction unless McCray filed with the court within twenty-one days a
response showing grounds for continuing the appeal.  McCray has
filed a response, but it fails to show grounds for continuing the appeal.

Because the complained-of interlocutory order is not appealable,
we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f). 

 

PER CURIAM

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Appeal dismissed 

Opinion delivered and
filed December 20, 2006

[CV06]






rm:uppercase'>Tex.
R. App. P. 9.5.

 

This appeal has become unnecessarily complicated
by Duncan’s failure or refusal to comply with the procedural rules regulating
the appeal of his conviction.  Such gross failure to comply with the rules may
result in a conclusion that his appeal lacks merit and is being pursued as an
abuse of the judicial process.  Such a determination will result in the
dismissal of his appeal for abuse of the judicial process under our inherent
authority.  See Peralta v. State, 82 S.W.3d 724, 725 (Tex. App.—Waco 2002,
no pet.).

 

The full text of the order is attached hereto as
Exhibit 1.

Second Warning

          In a February 16, 2005 order, we again
cautioned Duncan.  Duncan had filed a document entitled “Memorandum and
Petition to Dismiss for Lack of Subject Matter Jurisdiction” and three writs of
error.  After referring to our first warning, we again warned Duncan as
follows:

          The “Petition” and “Writs” come
dangerously close to causing us to dismiss Duncan’s appeal.  The “Petition” and
“Writs” contain no references to the record because the record has not yet been
filed.  The record has not been filed because Duncan has not paid for the
record.  Duncan contends that he is unable to pay for the record and is
currently appealing a decision, in this appeal, that he is not indigent.  Duncan
v. State, No. 10-04-00270-CR, 2005 Tex. App. LEXIS 966 (Tex. App.—Waco Jan. 26, 2005, order).

 

          Until the appeal of the trial court’s
determination that Duncan is not indigent is resolved, pleadings such as those
filed on January 26, 2005, are meritless because they cannot reference a record
that does not yet exist.

 

          This is our Second, and Final,
Warning to Duncan that documents such as those referred to above should
not be filed with this Court.  They evidence a total failure by Duncan to comply with the appellate rules or attempt to conform his request for relief to
the issues properly before this Court.

 

(Emphasis in the original.)  The full text of
the February 16, 2005 order is attached as Exhibit 2.

          As indicated, Duncan appealed the
determination that he is not indigent.  In a May 24, 2006 opinion, we affirmed
the determination and set out a very specific time table by which a proper
record for consideration of the appeal on the merits was to be filed.  Duncan v. State, No. 10-04-00270-CR, 2006 Tex. App. LEXIS 4435 (Tex. App.—Waco May 24, 2006, no pet.).  We subsequently engaged in considerable efforts to
get the record filed.

Clerk’s Record

          In connection with the clerk’s record,
 Duncan had filed many documents with the trial court clerk.  See
September 27, 2006 order attached as Exhibit 3.  The result is that we have one
volume of documents that seem to have nothing to do with the possible merits of
this appeal.  But we did finally get a clerk’s record on October 18, 2006.

 

Reporter’s Record

          But eight months later, we have now
been advised, after a number of communications regarding our efforts to get the
reporter’s record filed, that Duncan has not made appropriate arrangements for
the preparation and filing of the reporter’s record.  Our last communication
with Duncan regarding the reporter’s record was an October 3, 2006 order in
which we granted his request to extend the filing date until December 4, 2006. 
In that order, we advised him that “NO FURTHER REQUEST FOR EXTENSION OF TIME TO
FILE THE REPORTER’S RECORD WILL BE ENTERTAINED.”  (Emphasis in original.)

Current Request

          We have not received the reporter’s
record.  What Duncan has now filed is titled “Petition for Acquittal of Void
Conviction.”  The full text of this two page document is set out as Exhibit 4. 
This document bears no resemblance to a brief or to issues that we can properly
address in this appeal based upon the record before us.

Appeal Dismissed

          Based upon the foregoing, we have
concluded that Duncan’s appeal lacks merit, and that he has intentionally
engaged in a course of action in this appeal as an abuse of the judicial
process.  Peralta v. State, 82 S.W.3d 724, 725 (Tex. App.—Waco 2002, no
pet.).  He was repeatedly warned, and he repeatedly failed to heed those
warnings.  At some point, a court must cease to spend time working with a
litigant engaged in a process that appears calculated to waste judicial
resources.  That point is when it becomes apparent to the court that the
litigant is not intent upon obtaining a review of the merits of their appeal,
but is rather engaged in a course of conduct designed to delay or prevent a
proper review of the merits.




Conclusion

          There is no reason that Duncan should be allowed to consume additional resources of this Court.  His appeal is
dismissed for abuse of the judicial process.  Any pending request not
previously ruled on is dismissed as moot.

 

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

(Justice
Vance dissents from the judgment with a note)*

Appeal
dismissed

Opinion
delivered and filed on February 14, 2007

Publish

[CR25]

 

 

* 
(Dissenting note by Justice Vance:  “Admittedly, Duncan is a difficult litigant
to deal with.  Nevertheless, his actions do not justify a finding that his
appeal has no merit.  I make three observations.  First, the rules of appellate
procedure do not allow a dismissal on these grounds.  See Tex. R. App. P. 42.4.  Second, Peralta,
a dismissal for failure to prosecute, does not support this dismissal.  See
Peralta v. State, 82 S.W.3d 724, 725 (Tex. App.—Waco 2002, no pet.). 
Finally, we must be extremely careful in the use of our inherent authority,
which is derived from the common law, particularly in a criminal case.”)




EXHIBIT 1

 

Duncan
sent to this Court a document entitled Certificate of Service which was
received by this Court on December 1, 2004.  The full typewritten text of the
document, other than the referenced attachments, is as follows:

 

CERTIFICATE OF SERVICE

 

I hereby certify that a true and correct copy of
Petition to Notify Appellate Court of Unauthorized, Usurping, and Negligent
Actions of Disqualified Judge, Mason Martin and Petition for Extension of Time
to File Trial Court Record, Affidavit of Inability to Give Security for Cost,
Petition To Request a Designated Reporters Record, and Copy of Certificate of
Service Received November 18th,2004A.D., Copy of Letter Received
November 17th, 2004 A.D., and endorsed by Court Coordinator of
County Court at Law #3, Janice Campbell, Certificate of Service received April
8th, 2004A.D. by Montgomery County Clerks Office, and Petitioner
hereby requests an Interlocutory Appeal to determine current status of 77( R)
HB 2257-(Copy Enclosed) is this day being mailed to the following party or
counsel of record and was received by; ______ ______________________, on this
______ day of _______________, 200____.

 

Clerk of the Court

Tenth Court of Appeals

501 Washington Avenue, Rm 415             “All God Given Rights
Reserved”

Waco,
 Texas 76701-1327                   
Without Prejudice UCC 1-207 & 1-103

 

                                                ____________________________________

 

Affirmed to before me a notary public this the
_____ day of _______________, 200__.

 

SEAL                                        ___________________________________

                                                Notary
Public – State of Texas

 

My commission expires _________________.

 

Just above “All God Given Rights
Reserved” it is manually dated November 27, 2004 and signed on the line below. 
It also has a handwritten request at the bottom of the page to return a file
stamped copy.  All blanks other than the signature of Duncan remain blank.

 

We are unable to determine what Duncan seeks to accomplish in this appeal by way of this document.  Though labeled a
“Certificate of Service,” it is not, because it does not purport to have been
delivered to any person or entity other than this Court, though apparently some
of the individual referenced attachments may have been served.  See Tex. R. App. P. 9.5(a).

The Clerk of this Court is ordered
to NOT file this document but to retain it in the court’s correspondence file. 
Further documents from Duncan of this nature should likewise be placed in the
correspondence file and neither acknowledged nor acted upon.

 

Duncan is hereby cautioned to file with this Court only those documents
necessary to the disposition of his appeal in compliance with the Texas Rules
of Appellate Procedure.  A full copy of each document filed must be served on
each party to the litigation or their attorney of record and there must be
proof of service attached to each separate document.  Tex. R. App. P. 9.5.

 

This appeal has become unnecessarily complicated
by Duncan’s failure or refusal to comply with the procedural rules regulating
the appeal of his conviction.  Such gross failure to comply with the rules may
result in a conclusion that his appeal lacks merit and is being pursued as an
abuse of the judicial process.  Such a determination will result in the
dismissal of his appeal for abuse of the judicial process under our inherent
authority.  See Peralta v. State, 82 S.W.3d 724, 725 (Tex. App.—Waco 2002,
no pet.).




EXHIBIT 2

 

          On
 January 26, 2005, Duncan filed a “Memorandum and Petition to Dismiss for Lack
of Subject Matter Jurisdiction” and three writs of error.  The “Petition” and
each “Writ” is denied.

 

Second Warning

 

          On
January 5, 2005, this Court warned Duncan that he should file “only those
documents necessary to the disposition of his appeal in compliance with the
Texas Rules of Appellate Procedure.”  Duncan was advised that “failure to
comply with the rules may result in a conclusion that his appeal lacks merit
and is being pursued as an abuse of the judicial process.”  Duncan was advised
that such a determination will result in the dismissal of his appeal.

 

          The
“Petition” and “Writs” come dangerously close to causing us to dismiss Duncan’s appeal.  The “Petition” and “Writs” contain no references to the record because
the record has not yet been filed.  The record has not been filed because Duncan has not paid for the record.  Duncan contends that he is unable to pay for the
record and is currently appealing a decision, in this appeal, that he is not
indigent.  Duncan v. State, No. 10-04-00270-CR, 2005 Tex. App. LEXIS 966
(Tex. App.—Waco Jan. 26, 2005, order).

 

          Until
the appeal of the trial court’s determination that Duncan is not indigent is
resolved, pleadings such as those filed on January 26, 2005, are meritless
because they cannot reference a record that does not yet exist.

 

          This
is our Second, and Final, Warning to Duncan that documents
such as those referred to above should not be filed with this Court.  They
evidence a total failure by Duncan to comply with the appellate rules or
attempt to conform his request for relief to the issues properly before this
Court.  

 

          In
this appeal, we will first address the merits of Duncan’s appeal of the trial
court’s determination that Duncan is not indigent.  Upon completion of that
portion of the appeal, Duncan can then address the merits of his complaint,
once we have the record, in a brief with proper references to the record as
required.  Tex. R. App. P.
38.1(h).




EXHIBIT 3

 

          This
is not our first effort to obtain Appellant’s compliance to have the clerk’s
record necessary for a disposition of this appeal prepared and filed.  It may
well be our last.

 

          The
Court has been provided with a copy of correspondence from the trial court
clerk.  The letter indicates that the estimated cost for the entire record is
$575.  Based on hand-written comments on the letter, Appellant appears to have
responded to the clerk as follows:  “Please send ‘Evidence for Def’s Offer of
Proof’ 7-14-2004 A.D.  The only other document that I need forwarded to the
appellate court is the ‘Waiver of Right to Counsel’ which was presented to me
on 7/12/04 A.D.”

 

          We
have received the two documents Appellant has specified but we have not
received the remainder of the clerk’s record.  We will be unable to decide this
appeal without the remainder of the clerk’s record.  See Tex. R. App. P. 34.5.

 

          Further,
there appears to be some confusion about what Appellant wants in the clerk’s record
and what he is willing to pay for.  The Court understands that Appellant has
not paid the amount estimated by the County Clerk for the preparation of the
record which would include all the documents necessary to decide this appeal. 
Again, the amount requested by the clerk was $575.

 

          Appellant
is ordered to pay the requested $575, obtain a receipt from the County Clerk’s office, and submit a copy of that receipt to this Court within 30 days from
the date of this order.  If the copy of the receipt is not timely received by
this Court, the appeal will be dismissed.  Tex.
R. App. P. 37.3(b).




EXHIBIT 4

 

Judicial Notice

Pursuant under 201(d) and 201 (g) of the Texas and Federal Rules of Evidence

 

MANDATORY

Public
Law 93-595: A Court shall take Judicial Notice if requested by a party and
supplied with the necessary information.

 

Petition for Acquittal of Void Conviction

 

          The
Texas Constitution and the Code of Criminal Procedures stand as protective
instruments, which establish due process rights, and define the actual process
by which jurisdiction is obtained, and, to assure due process.

          The
trial court has failed to follow the due process mandates defined in the Texas
Constitution, and, in Art. 1.03, Art. 1.04, Art. 1.05 Art. 1.051, Art. 1.06,
Art. 1.08, Art. 1.27, Art. 2.01, Art. 2.16, and Art. 3.04 of the Texas Code of Criminal Procedure. Violating Art. 39.03 of the Texas Penal Code.

          The
Information is dysfunctional, on grounds that it is not based on a verified
complaint, from/by an actual victim, of a “common law” crime.

          The
Information also alleges that; RONALD EDDIE DUNCAN, with “criminal
negligence”, did INTERFERE with TROOPER MCANARNEY.

          [Criminal
negligence”] is defined by Texas Penal Code 1.07 Section 6.03.  It requires
that the alleged conduct is a conscious objective, to cause the result, when he
ought to be aware of a substantial and unjustifiable risk that the
circumstances exist, or the result will occur.

          I
had no concept, that Officer Caryn Mosier McAnarney, at 8:19PM would lie to
responding officers, and ignore the testimony of responding officer Valenzuela,
who testified, to her directly, at 8:13PM that he had observed similar
behavior, when he pulled me over, a month earlier.

          The
same behavior being, informing officers of my lawful right, to travel. When
detained by several other officers during the year, that/this same prior
behavior, had resulted in a simple “traffic” citation, at each encounter.

          Therefore,
I had no intent or concept, that I could possibly be acting with “Criminal Negligence”,
as alleged by Trooper Caryn Mosier McAnarney.

          Further,
It was not until, after conspiring with responding officers, that she was
informed of her “opportunity” to allege a violation, and that she “could”
charge me. A responding officer stated; Quote! “You can charge him with
Interfering with your duties.” She responded; Quote! I Can? A Class B! He’s
going down! Do you want to break the windows? End Quote!

          She
was advised to obtain clearance from a sergeant, before proceeding with a
non-warrant arrest. She attempted to secure such clearance, but never did. She
proceeded by her own volition, without lawful authority. She also perjured
herself, when questioned; “Did both of them fail to identify?” She responded;
yes! That response was untrue, and misleading, and for the specific purpose of
inciting the responding officers to arrest my traveling companion, and myself.
By her own volition, without clearance from a sergeant on duty, she, Trooper
McAnarney, did with willful intent, chose to willfully lie to responding
officers, and inflict a false imprisonment upon Mike Erwin, myself, and thereby
denied us, our lawfully entitled liberty.

          Further,
it is a defense, to which I am lawfully entitled under (5) (d) of Sec. 38.15
Interference With Public Duties, because in fact, the only interaction with
Trooper McAnarney was speech only. And, please take Judicial Notice that; the same
interaction, with numerous other peace officers, during the prior year,
(as exemplified by the testimony of officer Valenzuela, after arriving at the
scene, he testified to Trooper McAnarney of our previous encounter) did not
constitute a charge of “Interfering”!

          Further,
page 29 through40 of the trial court record reflect a Denial of Speedy Trial,
which is grounds for dismissal, and, the issue was presented and petitioned for
redress in the trial court.

          Further,
“Motion to Dismiss Due to Denial of Speedy Trial” was ignored. In the
alternative, please take judicial notice of accused’s Application for the Most
Extraordinary Writ of Habeas Corpus on page 33 section II.

          Further,
it is obvious by the trial court record that my right to competent counsel was
denied. Page 44, 45, 46, & 47 of the trial court record reflects
Defendants’ Motion For Assistance of Appointed Counsel.

          Brett
Peabody, breached of his fiduciary duty to complete the court, he failed to
assure that I, in fact, received competent counsel. He instead, waited until
the day of trial, approached me, and requested that I sign a “Waiver of Right
To Counsel”(page 75). I refused to sign his waiver, and told him that I wanted
competent counsel. He ignored my request, and the fact that I did not sign the
“Waiver of Right to Counsel” and therefore, trial court failed to complete the
court, and proceeded without jurisdiction!

          Therefore,
trial court acted without jurisdiction, and its’ ruling is void.