IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00157-CR

No. 10-06-00158-CR

 

Curtis Lester Ealy,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 3rd District Court

Anderson County, Texas

Trial Court Nos. 27,699 and
28,261

 



ORDER










 

          Curtis Ealy was convicted of
possession of a controlled substance, less than one gram, and theft by check, a
state-jail felony.  His appeals were abated in September of 2006 to determine
whether Ealy was indigent, whether he was appointed counsel on appeal, and if
so, whether he was being provided effective counsel.  The abatement orders
permitted the trial court to grant any other relief necessary to protect Ealy’s
rights.  At the abatement hearing, Ealy expressed the desire to retain his own
counsel.  The trial court granted that request and released Ealy’s appointed
counsel.  This Court then reinstated the appeals.

          Since the appeals were reinstated, we
have not had any contact from Ealy.  The Clerk of this Court notified Ealy by
letter that briefs in both appeals were past due.  Ealy did not respond to that
letter.  Ealy’s appeals were again abated to the trial court.  We have now
received a reporter’s record of the hearing conducted by the trial court.

          According to the record, Ealy did not
appear for the hearing although he was noticed to do so.  And although the
trial court determined that Ealy is not pursuing his appeals, the trial judge
acknowledged that Judge Fletcher originally rendered the judgments of
conviction.  The trial court decided to set the matters for a hearing in Judge
Fletcher’s court.

          Therefore, the abatement of these
appeals is continued so that Judge Fletcher may conduct a hearing within 30
days of the date of this Order pursuant to Texas Rule of Appellate Procedure
38.8(b)(2) and (3).  Tex. R. App. P.
38.8(b)(2), (3); see Peralta v. State, 82 S.W.3d 724 (Tex.
App.—Waco 2002, no pet.) (attached as an Appendix).

          Supplemental Clerk’s and Reporter’s
Records are ordered to be filed within 45 days of the date of this Order.  See
Tex. R. App. P. 38.8(b)(3).

 

                                                          PER
CURIAM

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Abatement
continued

Order
issued and filed February 7, 2007

Do
not publish 




Appendix

 

 

                                             OPINION

                                                                            
                                             A jury found
Fernando Leopoldo Peralta guilty of driving while intoxicated.  The trial court
sentenced him to 180 days in jail, but suspended that sentence and placed him
on community supervision for one year.  Acting as his own attorney, Peralta
timely filed a notice of appeal.  After a Clerk=s record
was filed, this cause was transferred from the 14th Court of Appeals to this
Court.  Since that time, a Reporter=s record was due to be filed.  The court
reporter informed this Court that Peralta had not paid for the record to be
transcribed.  We informed Peralta by letter that if he did not pay the reporter
or make arrangements to pay within 10 days, the appeal would be submitted on
the Clerk=s record alone.  See Tex. R. App. P. 37.3(c).  The letter
was returned as undeliverable.

On January 16, 2002, we abated this cause to the
trial court with instructions to hold a hearing within thirty days of the date
of this order to determine (1) where Peralta is now residing; (2) why no
reporter=s record has been paid for; (3) whether Peralta
desires to proceed with the appeal; and (4) whether Peralta is indigent.  Id. 38.8(b)(1).  The trial court held a hearing on the abatement order on March 22,
2002.  On March 29, 2002, the following findings were filed with this Court:

1.  On March 22, 2002, the trial court asked for
announcements in this case.  The State appeared through an assistant district
attorney.  Appellant failed to appear.

 

2.  The trial court mailed notice to appellant
of today=s court setting using the last known address on
documents in the court=s file and said notice was returned with an
indication of insufficient address.

 

3.  The court coordinator for this court
contacted appellant=s bonding company and was informed any and all
phone numbers for appellant were no longer working numbers and they have also
been unable to locate appellant.  They believe appellant is currently residing
and working in Mexico.

 

4.  Appellant has made one effort to contact
this court to request the cost of the transcript.  He was to call back and
failed to do so.  He did not leave a number where he could be reached at the
time he called.

 

The trial court concluded that Peralta does not
desire to prosecute the appeal and has abandoned the appeal.

It has now been over a year since the clerk=s record was filed.  We have had no contact from Peralta who has
been released on an appeal bond since February of 2001.

Peralta has completely failed in his duty to
prosecute this appeal, to contact this Court, or to take any further action
toward prosecuting this appeal.  Under these circumstances, we conclude this
appeal was not taken with the intention of pursuing it to completion, but
instead was taken for the purposes of delay.  Accordingly, we dismiss this
appeal, under our inherent authority, for want of prosecution.  Bush v.
State, No. 10-01-160-CR (Tex. App.CWaco June 12, 2002, no pet. h.); see also
McDaniel v. State, No. 06-01-138-CR (Tex. App.CTexarkana April 4, 2002, no pet. h.); Rodriguez v. State, 970
S.W.2d 133, 135 (Tex. App.CAmarillo 1998, pet. ref=d).

TOM GRAY

Justice

 

Before
Chief Justice Davis,

Justice Vance, and

Justice Gray

Dismissed

Opinion
delivered and filed June 26, 2002

Publish

[CR25]