Ronald Eddie DUNCAN, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 10–04–00270–CR.**

Court of Appeals of Texas,
Waco.

Feb. 14, 2007.

Discretionary Review Refused
June 20, 2007.

Ronald Eddie Duncan, Conroe, pro se.

Michael A. McDougal, Montgomery County Crim. Dist. Atty., Conroe, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

In our May 24, 2006 memorandum opinion affirming the trial court's determination that Duncan was not indigent, Duncan was ordered to "request and pay or make arrangements to pay for preparing the appellate record, and notify this Court of the date on which he has done so, within 30 days of the date of the opinion." Not until September 22, 2006 did Duncan notify us of his belated efforts to obtain a reporter's record. This, as well as the other delays caused by Duncan's failure to comply with the Rules of Appellate Procedure, has made this the longest pending criminal appeal currently in this Court. As will be described below, we have concluded that Duncan has never intended to obtain a review of his conviction but has instead engaged in a conscious course and effort to delay such a review. Accordingly, Duncan's appeal will be dismissed for abuse of the judicial process.

### BACKGROUND

Duncan was convicted of interference with the duties of a public servant on July 14, 2004. He filed a notice of appeal, which appeal was transferred to this Court by a docket equalization order.

### FIRST WARNING

From the earliest documents filed by Duncan, it was clear that we would encounter some procedural problems if we did not quickly take strong action to stop it. In an order dated January 5, 2005, we identified a problem caused by Duncan filing unnecessary and immaterial documents. In our order, we gave Duncan a warning in the following words:

Duncan is hereby cautioned to file with this Court only those documents necessary to the disposition of his appeal in compliance with the Texas Rules of Appellate Procedure. A full copy of each document filed must be served on each party to the litigation or their attorney of record and there must be proof of service attached to each separate document. TEX.R.APP. P. 9.5.

This appeal has become unnecessarily complicated by Duncan's failure or refusal to comply with the procedural rules regulating the appeal of his conviction. Such gross failure to comply with the rules may result in a conclusion that his appeal lacks merit and is being pursued as an abuse of the judicial process. Such a determination will result in the dismissal of his appeal for abuse of the judicial process under our inherent authority. *See Peralta v. State*, 82 S.W.3d 724, 725 (Tex.App.-Waco 2002, no pet.).

The full text of the order is attached hereto as Exhibit 1.

## SECOND WARNING

In a February 16, 2005 order, we again cautioned Duncan. Duncan had filed a document entitled "Memorandum and Petition to Dismiss for Lack of Subject Matter Jurisdiction" and three writs of error. After referring to our first warning, we again warned Duncan as follows:

> The "Petition" and "Writs" come dangerously close to causing us to dismiss Duncan's appeal. The "Petition" and "Writs" contain no references to the record because the record has not yet been filed. The record has not been filed because Duncan has not paid for the record. Duncan contends that he is unable to pay for the record and is currently appealing a decision, in this appeal, that he is not indigent. *Duncan v. State*, 158 S.W.3d 606, 2005 Tex.App. LEXIS 966 (Tex.App.-Waco 2005, order).

> Until the appeal of the trial court's determination that Duncan is not indigent is resolved, pleadings such as those filed on January 26, 2005, are meritless because they cannot reference a record that does not yet exist.

> This is our **Second,** and **Final, Warning** to Duncan that documents such as those referred to above should not be filed with this Court. They evidence a total failure by Duncan to comply with the appellate rules or attempt to conform his request for relief to the issues properly before this Court.

(Emphasis in the original.) The full text of the February 16, 2005 order is attached as Exhibit 2.

As indicated, Duncan appealed the determination that he is not indigent. In a May 24, 2006 opinion, we affirmed the determination and set out a very specific time table by which a proper record for consideration of the appeal on the merits was to be filed. *Duncan v. State*, No. 10-04-00270-CR, 2006 WL 1420348, 2006 Tex. App. LEXIS 4435 (Tex.App.-Waco May 24, 2006, no pet.). We subsequently engaged in considerable efforts to get the record filed.

### Clerk's Record

In connection with the clerk's record, Duncan had filed many documents with the trial court clerk. *See* September 27, 2006 order attached as Exhibit 3. The result is that we have one volume of documents that seem to have nothing to do with the possible merits of this appeal. But we did finally get a clerk's record on October 18, 2006.

### Reporter's Record

But eight months later, we have now been advised, after a number of communications regarding our efforts to get the reporter's record filed, that Duncan has not made appropriate arrangements for the preparation and filing of the reporter's record. Our last communication with Duncan regarding the reporter's record was an October 3, 2006 order in which we granted his request to extend the filing date until December 4, 2006. In that order, we advised him that "NO FURTHER REQUEST FOR EXTENSION OF TIME TO FILE THE REPORTER'S RECORD WILL BE ENTERTAINED." (Emphasis in original.)

## CURRENT REQUEST

We have not received the reporter's record. What Duncan has now filed is titled "Petition for Acquittal of Void Conviction." The full text of this two page document is set out as Exhibit 4. This document bears no resemblance to a brief or to issues that we can properly address in this appeal based upon the record before us.

## APPEAL DISMISSED

Based upon the foregoing, we have concluded that Duncan's appeal lacks merit, and that he has intentionally engaged in a course of action in this appeal as an abuse of the judicial process. *Peralta v. State*, 82 S.W.3d 724, 725 (Tex.App.-Waco 2002, no pet.). He was repeatedly warned, and he repeatedly failed to heed those warnings. At some point, a court must cease to spend time working with a litigant engaged in a process that appears calculated to waste judicial resources. That point is when it becomes apparent to the court that the litigant is not intent upon obtaining a review of the merits of their appeal, but is rather engaged in a course of conduct designed to delay or prevent a proper review of the merits.

## CONCLUSION

There is no reason that Duncan should be allowed to consume additional resources of this Court. His appeal is dismissed for abuse of the judicial process. Any pending request not previously ruled on is dismissed as moot.

Justice VANCE dissents from the judgment with a note. *

## EXHIBIT 1

Duncan sent to this Court a document entitled Certificate of Service which was received by this Court on December 1, 2004. The full typewritten text of the document, other than the referenced attachments, is as follows:

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Petition to Notify Appellate Court of Unauthorized, Usurping, and Negligent Actions of Disqualified Judge, Mason Martin and Petition for Extension of Time to File Trial Court Record, Affidavit of Inability to Give Security for Cost, Petition To Request a Designated Reporters Record, and Copy of Certificate of Service Received November 18th, 2004 A.D., Copy of Letter Received November 17th, 2004 A.D., and endorsed by Court Coordinator of County Court at Law # 3, Janice Campbell, Certificate of Service received April 8th, 2004 A.D. by Montgomery County Clerks Office, and Petitioner hereby requests an Interlocutory Appeal to determine current status of 77(R) HB 2257–(Copy Enclosed) is this day being mailed to the following party or counsel of record and was received by; _____, on this _____ day of _____, 200_____.

Clerk of the Court
Tenth Court of Appeals
501 Washington Avenue, Rm 415
Waco, Texas 76701-1327

"All God Given Rights Reserved"
Without Prejudice UCC 1-207 & 1-103

_____

Affirmed to before me a notary public this the _____ day of _____, 200_____.

SEAL

_____
Notary Public—State of Texas

---

* Dissenting note by Justice Vance: "Admittedly, Duncan is a difficult litigant to deal with. Nevertheless, his actions do not justify a finding that his appeal has no merit. I make three observations. First, the rules of appellate procedure do not allow a dismissal on these grounds. *See* Tex.R.App. P. 42.4. Second, *Peralta*, a dismissal for failure to prosecute, does not support this dismissal. *See Peralta v. State*, 82 S.W.3d 724, 725 (Tex.App.-Waco 2002, no pet.). Finally, we must be extremely careful in the use of our inherent authority, which is derived from the common law, particularly in a criminal case."

My commission expires _____.

Just above "All God Given Rights Reserved" it is manually dated November 27, 2004 and signed on the line below. It also has a handwritten request at the bottom of the page to return a file stamped copy. All blanks other than the signature of Duncan remain blank.

We are unable to determine what Duncan seeks to accomplish in this appeal by way of this document. Though labeled a "Certificate of Service," it is not, because it does not purport to have been delivered to any person or entity other than this Court, though apparently some of the individual referenced attachments may have been served. *See* Tex.R.App. P. 9.5(a).

The Clerk of this Court is ordered to NOT file this document but to retain it in the court's correspondence file. Further documents from Duncan of this nature should likewise be placed in the correspondence file and neither acknowledged nor acted upon.

Duncan is hereby cautioned to file with this Court only those documents necessary to the disposition of his appeal in compliance with the Texas Rules of Appellate Procedure. A full copy of each document filed must be served on each party to the litigation or their attorney of record and there must be proof of service attached to each separate document. Tex.R.App. P. 9.5.

This appeal has become unnecessarily complicated by Duncan's failure or refusal to comply with the procedural rules regulating the appeal of his conviction. Such gross failure to comply with the rules may result in a conclusion that his appeal lacks merit and is being pursued as an abuse of the judicial process. Such a determination will result in the dismissal of his appeal for abuse of the judicial process under our inherent authority. *See Peralta v. State,* 82 S.W.3d 724, 725 (Tex.App.-Waco 2002, no pet.).

### EXHIBIT 2

On January 26, 2005, Duncan filed a "Memorandum and Petition to Dismiss for Lack of Subject Matter Jurisdiction" and three writs of error. The "Petition" and each "Writ" is denied.

#### SECOND WARNING

On January 5, 2005, this Court warned Duncan that he should file "only those documents necessary to the disposition of his appeal in compliance with the Texas Rules of Appellate Procedure." Duncan was advised that "failure to comply with the rules may result in a conclusion that his appeal lacks merit and is being pursued as an abuse of the judicial process." Duncan was advised that such a determination will result in the dismissal of his appeal.

The "Petition" and "Writs" come dangerously close to causing us to dismiss Duncan's appeal. The "Petition" and "Writs" contain no references to the record because the record has not yet been filed. The record has not been filed because Duncan has not paid for the record. Duncan contends that he is unable to pay for the record and is currently appealing a decision, in this appeal, that he is not indigent. *Duncan v. State,* 158 S.W.3d 606, 2005 Tex.App. LEXIS 966 (Tex.App.-Waco 2005, order).

Until the appeal of the trial court's determination that Duncan is not indigent is resolved, pleadings such as those filed on January 26, 2005, are meritless because

they cannot reference a record that does not yet exist.

This is our **Second,** and **Final, Warning** to Duncan that documents such as those referred to above should not be filed with this Court. They evidence a total failure by Duncan to comply with the appellate rules or attempt to conform his request for relief to the issues properly before this Court.

In this appeal, we will first address the merits of Duncan's appeal of the trial court's determination that Duncan is not indigent. Upon completion of that portion of the appeal, Duncan can then address the merits of his complaint, once we have the record, in a brief with proper references to the record as required. TEX.R.APP. P. 38.1(h).

### EXHIBIT 3

This is not our first effort to obtain Appellant's compliance to have the clerk's record necessary for a disposition of this appeal prepared and filed. It may well be our last.

The Court has been provided with a copy of correspondence from the trial court clerk. The letter indicates that the estimated cost for the entire record is $575. Based on hand-written comments on the letter, Appellant appears to have responded to the clerk as follows: "Please send 'Evidence for Def's Offer of Proof' 7–14–2004 A.D. The only other document that I need forwarded to the appellate court is the 'Waiver of Right to Counsel' which was presented to me on 7/12/04 A.D."

We have received the two documents Appellant has specified but we have not received the remainder of the clerk's record. We will be unable to decide this appeal without the remainder of the clerk's record. *See* TEX.R.APP. P. 34.5.

Further, there appears to be some confusion about what Appellant wants in the clerk's record and what he is willing to pay for. The Court understands that Appellant has not paid the amount estimated by the County Clerk for the preparation of the record which would include all the documents necessary to decide this appeal. Again, the amount requested by the clerk was $575.

Appellant is ordered to pay the requested $575, obtain a receipt from the County Clerk's office, and submit a copy of that receipt to this Court within 30 days from the date of this order. If the copy of the receipt is not timely received by this Court, the appeal will be dismissed. TEX. R.APP. P. 37.3(b).

### EXHIBIT 4

Judicial Notice

Pursuant under 201(d) and 201(g)
of the Texas and Federal
Rules of Evidence
MANDATORY

Public Law 93–595: A Court shall take Judicial Notice if requested by a party and supplied with the necessary information.

#### Petition for Acquittal of Void Conviction

The Texas Constitution and the Code of Criminal Procedures stand as protective instruments, which establish due process rights, and define the actual process by which jurisdiction is obtained, and, to assure due process.

The trial court has failed to follow the due process mandates defined in the Texas Constitution, and, in Art. 1.03, Art. 1.04, Art. 1.05 Art. 1.051, Art. 1.06, Art. 1.08, Art. 1.27, Art. 2.01, Art. 2.16, and Art. 3.04 of the Texas Code of Criminal Procedure. Violating Art. 39.03 of the Texas Penal Code.

The Information is dysfunctional, on grounds that it is not based on a verified complaint, from/by an actual victim, of a "common law" crime.

The Information also alleges that; RONALD EDDIE DUNCAN, with *"criminal negligence"*, did INTERFERE with TROOPER MCANARNEY.

[Criminal negligence"] is defined by Texas Penal Code 1.07 Section 6.03. It requires that the alleged conduct is a conscious objective, to cause the result, when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist, or the result will occur.

I had no concept, that Officer Caryn Mosier McAnarney, at 8:19PM would lie to responding officers, and ignore the testimony of responding officer Valenzuela, who testified, to her directly, at 8:13PM that he had observed similar behavior, when he pulled me over, a month earlier.

The same behavior being, informing officers of my lawful right, to travel. When detained by several other officers during the year, that/this same prior behavior, had resulted in a simple "traffic" citation, at each encounter.

Therefore, I had no intent or concept, that I could possibly be acting with "Criminal Negligence", as alleged by Trooper Caryn Mosier McAnarney.

Further, It was not until, after conspiring with responding officers, that she was informed of her *"opportunity"* to allege a violation, and that she *"could"* charge me. A responding officer stated; Quote! "You can charge him with Interfering with your duties." She responded; Quote! I Can? A Class B! He's going down! Do you want to break the windows? End Quote!

She was advised to obtain clearance from a sergeant, before proceeding with a non-warrant arrest. She attempted to secure such clearance, but never did. She proceeded by her own volition, without lawful authority. She also perjured herself, when questioned; "Did both of them fail to identify?" She responded; yes! That response was untrue, and misleading, and for the specific purpose of inciting the responding officers to arrest my traveling companion, and myself. By her own volition, without clearance from a sergeant on duty, she, Trooper McAnarney, did with willful intent, chose to willfully lie to responding officers, and inflict a false imprisonment upon Mike Erwin, myself, and thereby denied us, our lawfully entitled liberty.

Further, it is a defense, to which I am lawfully entitled under (5)(d) of Sec. 38.15 Interference With Public Duties, because in fact, the only interaction with Trooper McAnarney was speech only. And, please take Judicial Notice that; the *same interaction*, with numerous other peace officers, during the prior year, (as exemplified by the testimony of officer Valenzuela, after arriving at the scene, he testified to Trooper McAnarney of our previous encounter) did not constitute a charge of "Interfering"!

Further, page 29 through 40 of the trial court record reflect a Denial of Speedy Trial, which is grounds for dismissal, and, the issue was presented and petitioned for redress in the trial court.

Further, "Motion to Dismiss Due to Denial of Speedy Trial" was ignored. In the alternative, please take judicial notice of accused's Application for the Most Extraordinary Writ of Habeas Corpus on page 33 section II.

Further, it is obvious by the trial court record that my right to competent counsel was denied. Page 44, 45, 46, & 47 of the trial court record reflects Defendants' Motion For Assistance of Appointed Counsel.

Brett Peabody, breached of his fiduciary duty to complete the court, he failed to assure that I, in fact, received competent counsel. He instead, waited until the day of trial, approached me, and requested that I sign a "Waiver of Right To Counsel" (page 75). I refused to sign his waiver, and told him that I wanted competent counsel. He ignored my request, and the fact that I did not sign the "Waiver of Right to Counsel" and therefore, trial court failed to complete the court, and proceeded without jurisdiction!

Therefore, trial court acted without jurisdiction, and its' ruling is void.

