IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00157-CR and

No. 10-06-00158-CR

 

Curtis Lester Ealy,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 3rd District Court

Anderson County, Texas

Trial Court Nos. 27,699 and
28,261

 



Opinion










 

          Curtis Ealy was convicted of
possession of a controlled substance, less than one gram, and theft by check, a
state-jail felony.  His appeals were abated in September of 2006 to determine
whether Ealy was indigent, whether he was appointed counsel on appeal, and if so,
whether he was being provided effective counsel.  The abatement orders
permitted the trial court to grant any other relief necessary to protect Ealy’s
rights.  At the abatement hearing, Ealy expressed the desire to retain his own
counsel.  The trial court granted that request and released Ealy’s appointed
counsel.  This Court then reinstated the appeals.

          Since the appeals were reinstated, we
have not had any contact from Ealy.  The Clerk of this Court notified Ealy by
letter that briefs in both appeals were past due.  Ealy did not respond to that
letter.  Ealy’s appeals were again abated to the trial court.  

          According to the record, Ealy did not
appear for the hearing set by the trial court although he was noticed to do
so.  And although the trial court determined that Ealy was not pursuing his
appeals, the trial judge acknowledged that Judge Fletcher originally rendered
the judgments of conviction.  The trial court decided to set the matters for a
hearing in Judge Fletcher’s court.  We continued the abatement of these appeals
so that Judge Fletcher could conduct a hearing.

          The trial court held a hearing on
March 5, 2007 and made the following oral findings:

1.     
That Ealy was mailed notice
of the hearing at his last known address, notice was not returned, and Ealy
failed to appear at the hearing;

 

2.     
That Ealy has not made any
effort to contact the court in any way relating to his appeals since October 5,
2006;

 

3.     
That Ealy has failed in his
duty to prosecute his appeals, to contact the court, or to take any further
action toward prosecuting the appeals; and

 

4.     
That Ealy has no intention
of pursuing his appeals to their completion and finds that the appeals were
taken for the purpose of delay.

 

          It has now been over 10 months since
the clerk's records were filed in these appeals.  We have had no contact from
Ealy, who has been released on an appeal bond, since September of 2006.

          Ealy has completely failed in his duty
to prosecute these appeals, to contact this Court, or to take any further
action toward prosecuting these appeals.  Under these circumstances, we
conclude these appeals were not taken with the intention of pursuing them to
completion, but instead were taken for the purposes of delay.  Accordingly, we
dismiss these appeals, under our inherent authority, for want of prosecution.  Peralta
v. State, 82 S.W.3d 724, 725-726 (Tex. App.—Waco 2002, no pet.).

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeals
dismissed

Opinion
delivered and filed March 28, 2007

Publish


[CR25]