**Curtis Lester EALY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 10–06–00157–CR, 10–06–00158–CR.**

Court of Appeals of Texas,
Waco.

March 28, 2007.

Curtis Lester Ealy, Palestine, pro se.

Douglas E. Lowe, Anderson County Dist. Atty., Palestine, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

Curtis Ealy was convicted of possession of a controlled substance, less than one gram, and theft by check, a state-jail felony. His appeals were abated in September of 2006 to determine whether Ealy was indigent, whether he was appointed counsel on appeal, and if so, whether he was being provided effective counsel. The abatement orders permitted the trial court to grant any other relief necessary to protect Ealy's rights. At the abatement hearing, Ealy expressed the desire to retain his own counsel. The trial court granted that

request and released Ealy's appointed counsel. This Court then reinstated the appeals.

Since the appeals were reinstated, we have not had any contact from Ealy. The Clerk of this Court notified Ealy by letter that briefs in both appeals were past due. Ealy did not respond to that letter. Ealy's appeals were again abated to the trial court.

According to the record, Ealy did not appear for the hearing set by the trial court although he was noticed to do so. And although the trial court determined that Ealy was not pursuing his appeals, the trial judge acknowledged that Judge Fletcher originally rendered the judgments of conviction. The trial court decided to set the matters for a hearing in Judge Fletcher's court. We continued the abatement of these appeals so that Judge Fletcher could conduct a hearing.

The trial court held a hearing on March 5, 2007 and made the following oral findings:

1. That Ealy was mailed notice of the hearing at his last known address, notice was not returned, and Ealy failed to appear at the hearing;
2. That Ealy has not made any effort to contact the court in any way relating to his appeals since October 5, 2006;
3. That Ealy has failed in his duty to prosecute his appeals, to contact the court, or to take any further action toward prosecuting the appeals; and
4. That Ealy has no intention of pursuing his appeals to their completion and finds that the appeals were taken for the purpose of delay.

It has now been over 10 months since the clerk's records were filed in these appeals. We have had no contact from Ealy, who has been released on an appeal bond, since September of 2006.

Ealy has completely failed in his duty to prosecute these appeals, to contact this Court, or to take any further action toward prosecuting these appeals. Under these circumstances, we conclude these appeals were not taken with the intention of pursuing them to completion, but instead were taken for the purposes of delay. Accordingly, we dismiss these appeals, under our inherent authority, for want of prosecution. *Peralta v. State*, 82 S.W.3d 724, 725–726 (Tex.App.-Waco 2002, no pet.).