

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00251-CR

**DONALD RAY EVANS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law No. 1
### McLennan County, Texas
### Trial Court No. 20083539CR1

## MEMORANDUM OPINION

Donald Ray Evans was convicted of possession of marijuana. TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1) (Vernon 2003). He was sentenced to 120 days in jail with a fine of $2,000. Punishment was suspended, and Evans was placed on community supervision. Counsel for Evans timely filed a notice of appeal.

Counsel on appeal filed a Motion to Withdraw as Attorney of Record. In the motion, counsel alleged that Evans "failed in his financial obligations to attorney." Because of this allegation, the Court was concerned that Evans may be indigent. We abated the appeal on August 26, 2009 to the trial court to hold a hearing within 30 days

from the date of the order to consider and determine: 1) the motion to withdraw filed by Evans's retained counsel; 2) whether Evans is indigent and, if so, whether to appoint the previously retained counsel or new counsel for him; 3) whether to allow Evans to retain different counsel; or 4) whether Evans may represent himself on appeal, if he so wishes.

A hearing was held in the trial court on September 16, 2009. At the hearing, counsel for Evans stated that besides Evans's failure to pay counsel's fees, counsel had not had any contact with Evans since the last court date and could not represent him. Evans did not appear at the hearing. On the record, the trial court granted counsel's motion to withdraw. We then supplemented our abatement order and ordered the trial court to determine whether Evans had abandoned his appeal.

On December 23, the trial court held another hearing. Evans, although properly notified to appear, did not. The trial court took notice that an arrest warrant had been issued for Evans on September 29, 2009 and that Evans remained at large. The court also found that it appeared Evans had "willfully absented himself from the legal proceedings."

It has now been 5 months since the clerk's record was filed in this appeal. Evans's counsel has had no contact from Evans since the end of his criminal trial, the trial court has had no contact with Evans, and Evans has a warrant issued for his arrest and remains at large.

Evans has completely failed in his duty to prosecute this appeal, to contact his counsel before counsel was allowed to withdraw, to contact the trial court, or to take

any further action toward prosecuting this appeal. Under these circumstances, we conclude this appeal was not taken with the intention of pursuing it to completion, but instead was taken for the purposes of delay. Accordingly, we dismiss this appeal, under our inherent authority, for want of prosecution. *See Ealy v. State*, 222 S.W.3d 744, 745 (Tex. App.—Waco 2007, no pet.); *Peralta v. State*, 82 S.W.3d 724 (Tex. App.—Waco 2002, no pet.); *Stavinoha v. State*, 82 S.W.3d 690 (Tex. App.—Waco 2002, no pet.).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Appeal dismissed
Opinion delivered and filed January 27, 2010
Do not publish
[CR25]