

# IN THE
# TENTH COURT OF APPEALS

─────────────────

## No. 10-12-00195-CR

─────────────────

**RAED ALZREIQI, AKA RAED ALZREIQUI,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

─────────────────

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2011-1011-C2**

─────────────────

## MEMORANDUM  OPINION

─────────────────

In this matter, appellant, Raed Alzreiqi a/k/a Raed Alzreiqui, was convicted of engaging in organized criminal activity.  *See* TEX. PENAL CODE ANN. §§ 47.06, 71.02 (West & Supp. 2011).  Douglas Henager represented appellant in the trial court and, on May 31, 2012, filed a notice of appeal on appellant's behalf.  Subsequently, on June 18, 2012, this Court received a notice of substitution of counsel filed by E. Alan Bennett.  In this filing, Bennett informed the Court that he had been retained by appellant to handle this appeal and that the trial court had allowed Henager to withdraw as appellant's

counsel. However, on July 31, 2012, Bennett filed a motion to withdraw as appellant's counsel due to appellant's failure to: (1) communicate with counsel; (2) pay for the clerk's and reporter's records; and (3) pay the attorney's fees required under his contract with counsel.[1]

By a per-curiam order issued on August 16, 2012, this Court granted Bennett's motion to withdraw. In addition, this cause was abated and remanded to the trial court to determine the following: (1) whether appellant still desired to prosecute this appeal; and if so (2) whether appellant is indigent and entitled to court-appointed counsel.

In response to our August 16, 2012 order, the trial court conducted a hearing on August 24, 2012. The supplemental reporter's record reflects that the trial court called appellant's case and that the Bailiff called appellant's name in the courthouse rotunda three times; however, neither appellant nor any representative appeared at this hearing. As a result, the trial court noted that appellant failed to appear, ordered his bond forfeited, issued a judgment nisi, and ordered the issuance of a capias for appellant's arrest with a bond set at $250,000.[2]

---

[1] Other than Bennett's motion to withdraw, we have received no correspondence from appellant since he filed his notice of appeal on May 31, 2012.

[2] Included in the supplemental clerk's record is a "Certificate of Failure to Appear" in which Bailiff Donald Taylor averred the following:

> I CERTIFY HEREBY that on **August 24, 2012** the case of **RAED ALZREIQI**, the defendant, was called by the Court for trial or other judicial proceeding requiring defendant's presence, but the defendant failed to appear. The defendant's name was duly and distinctly called at the door of the Courthouse and a reasonable time was given in which to appear, yet defendant **RAED ALZREIQI** came not, and wholly made default.

(Emphasis in original).

Under these circumstances, we conclude that the record demonstrates that appellant does not intend to pursue this appeal. We therefore reinstate this cause on the Court's docket and, under our inherent authority, dismiss the cause for want of prosecution. *See Ealy v. State*, 222 S.W.3d 744, 745 (Tex. App.—Waco 2007, no pet.) (citing *Peralta v. State*, 82 S.W.3d 724, 725-26 (Tex. App.—Waco 2002, no pet.)); *see also Evans v. State*, No. 10-09-00251-CR, 2010 Tex. App. LEXIS 546, at *3 (Tex. App.—Waco Jan. 27, 2010, no pet.) (mem. op., not designated for publication). This cause is hereby dismissed.

AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Dismissed
Opinion delivered and filed August 30, 2012
Do not publish
[CR25]