

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-12-00435-CR

_____

**RICHARD L. STARR,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2010-1036-C1**

_____

## MEMORANDUM  OPINION

_____

Appellant, Richard Starr, attempts to appeal from his November 15, 2010 conviction for felony driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2012). By a letter dated January 16, 2013, the Clerk of this Court notified Starr that his appeal was subject to dismissal because his notice of appeal was filed approximately two years after his sentence was imposed. *See* TEX. R. APP. P. 25.2(b), 26.2(a) (providing, among other things, that a defendant must file his notice of appeal within thirty days after the sentence is imposed or after entry of an appealable order or

within ninety days after the sentence is imposed if a motion for new trial is timely filed). The Clerk warned Starr that his appeal would be dismissed unless, within twenty-one days of the date of the letter, a response was filed showing grounds for continuing the appeal. *See id.* at R. 44.3.

Starr did not timely respond to the Clerk's letter. However, a few days after the twenty-one-day deadline passed, we received an undated letter sent from the Byrd Unit in Huntsville, Texas. Another inmate wrote the letter and stated that he is "Law Counselor for Mr. Starr." In this letter, the inmate notes that he is representing Starr and requests a free copy of the record and an extension of time. Notwithstanding the fact that the letter does not demonstrate that the inmate is a licensed attorney in the State of Texas who is authorized to represent Starr in legal matters, at no point does the inmate explain the tardiness of Starr's notice of appeal.[1]

As stated previously, Starr's notice of appeal is untimely—a fact which deprives this Court of jurisdiction over this matter and subjects this case to dismissal. *See* TEX. R. APP. P. 26.2(a); *see also Morrison v. State*, No. 10-11-00157-CR, 2011 Tex. App. LEXIS 5011, at **1-2 (Tex. App.—Waco June 29, 2011, no pet.) (mem. op., not designated for publication) (dismissing a defendant's appeal for lack of jurisdiction because, among other things, he did not timely file his notice of appeal). In addition, Starr has failed to timely and adequately respond to the Clerk's January 16, 2013 letter, which also subjects

---

[1] A further review of the record shows that Starr's sentence was a product of a plea bargain with the State. Accordingly, the trial court noted in its certification of Starr's right of appeal that this is a plea-bargain case and that Starr has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2) (noting that a defendant may only appeal: (1) those matters raised by written motion and ruled upon before trial; or (2) after getting the trial court's permission to appeal).

Starr v. State                                                                                      Page 2

this case to dismissal for want of prosecution. *See Ealy v. State*, 222 S.W.3d 744, 745 (Tex. App.—Waco 2007, no pet.) (citing *Peralta v. State*, 82 S.W.3d 724, 725-26 (Tex. App.—Waco 2002, no pet.)); *see also Evans v. State*, No. 10-09-00251-CR, 2010 Tex. App. LEXIS 546, at *3 (Tex. App.—Waco Jan. 27, 2010, no pet.) (mem. op., not designated for publication).

Based on the foregoing, we hereby dismiss Starr's appeal.


AL SCOGGINS
Justice


Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Dismissed
Opinion delivered and filed March 7, 2013
Do not publish
[CRPM]