

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00045-CR

**WILLIAM RAY PHILLIPS II,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2012-1204-C2

## MEMORANDUM  OPINION

In this case, appellant, William Ray Phillips II, was charged with failing to register as a sex offender.  *See* TEX. CODE CRIM. PROC. ANN. art. § 62.102 (West 2006). Prior to trial, appellant was determined to be indigent and attorney Seth Sutton was appointed to represent appellant.  However, a few days later, appellant signed a waiver of his right to counsel in the case pending against him.  The trial court allowed appellant to represent himself; however, Sutton remained assigned to assist appellant as stand-by counsel.

At the conclusion of the trial, the jury convicted appellant of the charged offense, and the trial court assessed punishment at ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. This sentence was ordered to run consecutively with another conviction in the United State District Court for the Western District of Texas—Cause #W-02-CR-117(01). After the trial court certified his right of appeal, appellant filed a pro se notice of appeal.

Upon receiving the Clerk's Record, this Court noticed that it was unclear as to whether appellant was appointed appellate counsel or if he waived his right to counsel on appeal. Consequently, we abated and remanded this case to the trial court to conduct any necessary hearings for a determination of indigence and the appointment of counsel on appeal.

Thereafter, the trial court conducted a hearing to determine whether appellant wished to have counsel appointed for this appeal. Appellant insisted on representing himself. After admonishing appellant, the trial court allowed appellant to represent himself.[1]

On July 2, 2013, we reinstated this appeal and informed appellant that his docketing statement was due within fourteen days of July 2, 2013. We also notified appellant that his brief in this matter was due within thirty days of July 2, 2013. We have yet to receive appellant's docketing statement or his brief in this matter.

---

[1] Appellant informed the trial court that he had hired an attorney to represent him—a lawyer named Robert Sirianni Jr. from Winter Park, Florida. No attorney has filed an appearance or any other document for that matter on appellant's behalf in this appeal.

Subsequently, on August 2, 2013, we once again notified appellant that his docketing statement was past due. On August 16, 2013, we sent appellant a letter informing him that his appellate brief was late and requesting a response within fourteen days. Since the filing of his pro se notice of appeal, appellant has had no contact with this Court.

Our review of the limited record reveals that appellant has completely failed in his duty to prosecute this appeal, to contact this Court, and to take any further action toward prosecuting this appeal. Accordingly, we conclude that appellant does not desire to prosecute this appeal. As such, we dismiss this appeal, under our inherent authority, for want of prosecution. *See* TEX. R. APP. P. 44.3; *Ealy v. State*, 222 S.W.3d 744, 745 (Tex. App.—Waco 2007, no pet.) (citing *Peralta v. State*, 82 S.W.3d 724, 725-26 (Tex. App.—Waco 2002, no pet.)); *see also Evans v. State*, No. 10-09-00251-CR, 2010 Tex. App. LEXIS 546, at *3 (Tex. App.—Waco Jan. 27, 2010, no pet.) (mem. op., not designated for publication).


                                        AL SCOGGINS
                                        Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dismissed
Opinion delivered and filed September 19, 2013
Do not publish
[CR25]