

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00205-CR

**CHRISTOPHER JASON HALL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 220th District Court
### Bosque County, Texas
### Trial Court No. 06-11-14071 BCCR

## O R D E R

Counsel for appellant filed an *Anders*[1] brief. In accordance with the Court of Criminal Appeals' opinion in *Kelly v. State*, counsel prepared and sent to appellant a Motion for Pro Se Access to the Appellate Record. *See Kelly v. State*, 436 S.W.3d 313, 320 (Tex. Crim. App. 2014). Appellant, Christopher Jason Hall, has signed the motion for access and sent it to this Court. It was filed on December 9, 2014. Appellant's Motion

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

for Pro Se Access to the Appellate Record is granted and will be implemented as provided for herein.

Pursuant to *Kelly*, we now specify the procedure to be followed to provide appellant with access to the appellate record. *Id*. at 321-22.

Counsel is ORDERED to forward, by certified mail, return receipt requested, the copy of the appellate record counsel used to conduct the review for the *Anders* brief to appellant within 14 days from the date of this Order and simultaneously notify this Court and the District Clerk when counsel has completed this task. If counsel no longer possesses a copy of the record, counsel must notify this Court within 7 days from the date of this Order; in which event further orders addressing appellant's access to the record will be made.

When appellant receives the copy of the appellate record, appellant must not take the record apart or mark on the record. Appellant's response to counsel's *Anders* brief is due 45 days from the date counsel sends notice to the Court that the record has been forwarded, unless the due date is extended by order of this Court upon proper and timely motion by appellant.

Appellant is ORDERED to send the record to this Court with appellant's response. If no response is filed, appellant is ORDERED to send the record to this Court within 60 days of the date the attorney sends notice to the Court that the record was

forwarded to the appellant, unless the due date is extended by order of this Court upon proper and timely motion by appellant.

Appellant's failure to comply with this Order, including the failure to send the record to this Court within the time specified, will result in the dismissal of the appeal under our inherent authority upon the presumption that the record was obtained under false pretense and with no intent to pursue the appeal but instead was obtained for the purposes of delay. *See e.g. Ealy v. State*, 222 S.W.3d 744, 745 (Tex. App.—Waco 2007, no pet.).

PER CURIAM

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Order issued and filed December 18, 2014

