PD-0312-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/22/2015 11:28:03 PM
Accepted 5/26/2015 10:44:55 AM
ABEL ACOSTA
CLERK

# TO THE COURT OF CRIMINAL APPEALS OF TEXAS

## PD-0312-15

_____

**ROBERT S. SHEARER,**
*Appellant*
v.
**THE STATE OF TEXAS,**
*Appellee*

_____

# PETITION FOR DISCRETIONARY REVIEW

_____

On Petition for Discretionary Review from the Court of Appeals for the Tenth District, Waco, Texas in Cause No. 10-14-00031-CR, dismissing Appellant's appeal from the County Criminal Court No. 2 of Brazos County, Texas, Cause No. 5054-A..

_____

FILED IN
COURT OF CRIMINAL APPEALS

May 26, 2015

ABEL ACOSTA, CLERK

**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, Texas 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Appellant**

May 22, 2015

1

# SUBJECT INDEX

**Page**

List of Authorities...................................................................... 4

Names of All Parties.................................................................. 5

Statement Regarding Oral Argument............................................ 6

Statement of the Case................................................................ 8

Statement of the Procedural History of the Case........................... 9

Question for Review Number One................................................ 10

**QUESTION FOR REVIEW NUMBER ONE**: Did the panel of the court of appeals err by applying an incorrect standard of review regarding the punitive nature of the assessment ordered paid in this case?

(Op. at 2)

Reasons for Review.................................................................... 10

Question for Review Number Two................................................ 11

**QUESTION FOR REVIEW NUMBER TWO**: Did the court of appeals deprive Appellant of Due Process and Equal Protection of the law by holding that it had no jurisdiction to decide this appeal?

(Op. at 2)

Reasons for Review.................................................................... 15

Argument and Authorities.......................................................... 16

Question for Review Number Three.............................................. 20

**QUESTION FOR REVIEW NUMBER THREE**: Is the term "fine imposed" that is contained within the statute conveying jurisdiction in a court of appeals of this State sufficiently broad to include sums ordered paid as a "special expense"?

(Op. at 2)

Reasons for Review.................................................................... 20

Argument and Authorities.......................................................... 21

Prayer for Relief………………………………………………. 22

Certificate of Service……………………………………….. 23

Certificate of Compliance……………………………………….. 24

Appendix…………………………………………………… 25

# LIST OF AUTHORITIES

**Page**

## CASES

*Giaccio v. Pennsylvania*, 382 U.S. 399, 402 (1966)............................ 10, 13, 15, 18

*Griffin v. Illinois*, 351 U.S. 12, 18 (1956)....................................... 10, 14, 15, 19, 20

*Rinaldi v. Yeager*, 384 U.S. 305 (1966)................................................. 10, 13, 15, 19

*Weir v. State*, 278 S.W.3d 364 (Tex. Cr. App. 2009) ....................................... 13, 18

## STATUTES

TEX. CRIM. PROC. CODE ANN. art. 4.03.....................................................................11

TEX. CRIM. PROC. CODE ANN. art. 45.051.................................................................12

## RULES

TEX. R. APP. PROC. 38.1(a).........................................................................................5

## NAMES OF ALL PARTIES

In accordance with TEX. R. APP. PROC. 38.1(a), Appellant submits that the following are interested parties:

**R. Scott Shearer -**          Appellant.

917 Franklin, Suite 320
Houston, TX 77002

**Rodney W. Anderson** -        Trial counsel for the State of Texas.

Brazos County Attorney's Office
300 East 26th Street, Suite 1300
Bryan, Texas 77803

**Spencer R. Giles**-           Appellate counsel for the State of Texas.

Brazos County Attorney's Office
300 East 26th Street, Suite 1300
Bryan, Texas 77803

**Hon. James W. Locke** -       Presiding judge of the Trial Court.

300 E. 26th St., Suite 214
Bryan, TX 77803

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes oral argument will be helpful. Appellant requests oral argument.

# TO THE COURT OF CRIMINAL APPEALS OF TEXAS

## PD-0312-15

_____

**ROBERT S. SHEARER,**
*Appellant*
v.
**THE STATE OF TEXAS,**
*Appellee*

_____

# PETITION FOR DISCRETIONARY REVIEW

_____

On Petition for Discretionary Review from the Court of
Appeals for the Tenth District, Waco, Texas in Cause No.
10-14-00031-CR, dismissing Appellant's appeal from the
County Criminal Court No. 2 of Brazos County, Texas,
Cause No. 5054-A..

_____

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

**APPELLANT, ROBERT S. SHEARER,** files this Petition for

Discretionary Review. In support of his request for review, Appellant would

respectfully show the Court the following:

## STATEMENT OF THE CASE

This appeal stems from Appellant's conviction in *State of Texas v. Robert S. Shearer* for the offense of speeding. The case was originally filed in a justice of the peace court and then appealed *de novo* to County Court at Law No. 2. On December 19, 2013, the trial court assessed punishment at six months deferred adjudication probation a $200.00 special expense fee and $204.10 in court costs. (Appendix 1). The Appellant perfected his appeal when he filed a timely notice on January 30, 2014. This Court dismissed Appellant's appeal in a memorandum opinion dated January 15, 2015. (Appendix 2). Appellant filed a timely motion for rehearing, which was overruled on February 19, 2015.

_____

\* The record on petition for discretionary review is cited as follows:

Op. at *p* .......... Opinion at page *p*.

**STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE**

In an UNPUBLISHED opinion delivered January 15, 2015, a panel of the Tenth Court of Appeals DISMISSED Appellant's appeal from the County Court No. 2 of Brazos County, Texas. The Appellant filed a motion for rehearing, which was overruled on February 19, 2015. The Appellant's Petition for Discretionary Review was due on March 17, 2015. Appellant filed a Motion for Extension of Time to File Petition for Discretionary Review, which was granted. Appellant's Petition for Discretionary Review is due May 22, 2015.

# GROUNDS FOR REVIEW

**QUESTION FOR REVIEW NUMBER ONE**: Did the panel of the court of appeals err by applying an incorrect standard of review regarding the punitive nature of the assessment ordered paid in this case?

(Op. at 2)

**Reasons for Review:**

1.      The panel decision of the Tenth Court of Appeals requires review because the court decided an important question of state law that that is in conflict with the applicable decisions of the United States Supreme Court.  The panel decision is in conflict with the Supreme Court's decisions in *Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *Rinaldi v. Yeager*, 384 U.S. 305, 310 (1966); and *Giaccio v. Pennsylvania*, 382 U.S. 399, 402 (1966).

2.      The panel decision of the First Court of Appeals requires review because the court has misconstrued TEX. CRIM. PROC. CODE Ann. articles 4.03 and 45.051.

3.      The panel decision of the Court of Appeals requires review because the court of appeals has decided an important question of state law, which has not been, but should be settled by this Court.

4.      The panel decision of the Court of Appeals requires review because the court of appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's powers of supervision.

**Argument and Authorities:**

In its opinion of January 15, 2015, Appellant submits the panel fell into error when it misapplied and misconstrued TEX. CRIM. PROC. CODE ANN. articles 4.03 and 45.051.  Article 4.03 provides as follows:

> Article 4.03.   Courts Of Appeals    The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. **This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed or affirmed by the county court, the county criminal court or county court at law does not exceed one hundred dollars**, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

TEX. CRIM. PROC. CODE ANN. art. 4.03 (West Supp. 2014)(emphasis added)

The judgment in this case indicates that Appellant was assessed a two-hundred dollar [$200.00] "Special Expense".  Special expenses are governed by Article 45.051 of the Texas Code of Criminal Procedure.  Article 45.051 provides, in pertinent part, as follows:

11

**Article 45.051.    Suspension Of Sentence And Deferral Of Final Disposition**    (a)    On a plea of guilty or nolo contendere by a defendant or on a finding of guilt in a misdemeanor case punishable by fine only and payment of all court costs, **the judge may defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period not to exceed 180 days. In issuing the order of deferral, the judge may impose a special expense fee on the defendant in an amount not to exceed the amount of the fine that could be imposed on the defendant as punishment for the offense.** The special expense fee may be collected at any time before the date on which the period of probation ends. The judge may elect not to impose the special expense fee for good cause shown by the defendant. **If the judge orders the collection of a special expense fee, the judge shall require that the amount of the special expense fee be credited toward the payment of the amount of the fine imposed by the judge**.

TEX. CRIM. PROC. CODE ANN. art. 45.051.  (emphasis added).

Appellant was sentenced to a "special expense" in the amount of $200.00 and not to any term of probation.  Article 45.051 plainly states that any such "special expense" be credited toward the fine.  *Id.*

The United States Supreme Court has held that it is the nature of the deprivation that controls, not the label that the State chooses to give it:

Both liberty and property are specifically protected by the Fourteenth Amendment against any state deprivation which does not meet the standards of due process, and this protection is not to be avoided by the simple label a State chooses to fasten upon its conduct or its statute.

*Giaccio v. Pennsylvania*, 382 U.S. 399, 402, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966).

In the present case, Appellant was ordered deprived of $200.00 as a "special expense", which was in reality a fine. Furthermore, a "special expense" that has been imposed is required to offset a fine under Article 45.051. This clearly indicates the punitive nature of the $200.00 assessment and distinguishes it from a court cost. See *Weir v. State*, 278 S.W.3d 364, 402 n. 5 (Tex. Cr. App. 2009) ("This could be read as an indication that the Legislature has intended to treat fines and costs similarly for sentencing purposes. We decline to so construe Article 42.15, instead construing it as treating fines and costs similarly only in terms of where they are to be paid.").

Regardless of the label, Appellant was ordered to pay a punitive assessment in an amount greater than $100.00. The court of appeals, therefore, had jurisdiction over Appellant's appeal from county court and the panel erred by dismissing this appeal. Refusing Appellant the right of appellate review in this circumstance deprives him of both Due Process of Law and Equal Protection of the Law under the United States Constitution. See *Rinaldi v. Yeager*, 384 U.S. 305, 310 (1966) ("This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these

avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts"); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956).

**QUESTION FOR REVIEW NUMBER TWO**: Did the court of appeals deprive Appellant of Due Process and Equal Protection of the law by holding that it had no jurisdiction to decide this appeal?

(Op. at 2)

**Reasons for Review:**

1.     The panel decision of the Tenth Court of Appeals requires review because the court decided an important question of state law that that is in conflict with the applicable decisions of the United States Supreme Court.  The panel decision is in conflict with the Supreme Court's decisions in *Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *Rinaldi v. Yeager*, 384 U.S. 305, 310 (1966); and *Giaccio v. Pennsylvania*, 382 U.S. 399, 402 (1966).

2.     The panel decision of the First Court of Appeals requires review because the court has misconstrued TEX. CRIM. PROC. CODE Ann. articles 4.03 and 45.051.

3.     The panel decision of the Court of Appeals requires review because the court of appeals has decided an important question of state law, which has not been, but should be settled by this Court.

4.     The panel decision of the Court of Appeals requires review because the court of appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's powers of supervision.

15

**Argument and Authorities:**

In its opinion of January 15, 2015, Appellant submits the panel fell into error when it dismissed Appellant's appeal under TEX. CRIM. PROC. CODE ANN. articles 4.03 and 45.051. Article 4.03 provides as follows:

> Article 4.03. Courts Of Appeals  The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. **This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed or affirmed by the county court, the county criminal court or county court at law does not exceed one hundred dollars**, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

TEX. CRIM. PROC. CODE ANN. art. 4.03 (West Supp. 2014)(emphasis added)

The judgment in this case indicates that Appellant was assessed a two-hundred dollar [$200.00] "Special Expense". Special expenses are governed by Article 45.051 of the Texas Code of Criminal Procedure. Article 45.051 provides, in pertinent part, as follows:

16

**Article 45.051.  Suspension Of Sentence And Deferral Of Final Disposition**     (a)   On a plea of guilty or nolo contendere by a defendant or on a finding of guilt in a misdemeanor case punishable by fine only and payment of all court costs, **the judge may defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period not to exceed 180 days. In issuing the order of deferral, the judge may impose a special expense fee on the defendant in an amount not to exceed the amount of the fine that could be imposed on the defendant as punishment for the offense.** The special expense fee may be collected at any time before the date on which the period of probation ends. The judge may elect not to impose the special expense fee for good cause shown by the defendant. **If the judge orders the collection of a special expense fee, the judge shall require that the amount of the special expense fee be credited toward the payment of the amount of the fine imposed by the judge**.

TEX. CRIM. PROC. CODE ANN. art. 45.051.  (emphasis added).

Appellant was sentenced to a "special expense" in the amount of $200.00 and not to any term of probation.  Article 45.051 plainly states that any such "special expense" be credited toward the fine.  *Id*.

The United States Supreme Court has held that it is the nature of the deprivation that controls, not the label that the State chooses to give it:

Both liberty and property are specifically protected by the Fourteenth Amendment against any state deprivation which does not meet the standards of due process, and this protection is not to be avoided by

17

the simple label a State chooses to fasten upon its conduct or its statute.

*Giaccio v. Pennsylvania*, 382 U.S. 399, 402, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966).

In the present case, Appellant was ordered deprived of $200.00 as a "special expense", which was in reality a fine. Furthermore, a "special expense" that has been imposed is required to offset a fine under Article 45.051. This clearly indicates the punitive nature of the $200.00 assessment and distinguishes it from a court cost. See *Weir v. State*, 278 S.W.3d 364, 402 n. 5 (Tex. Cr. App. 2009) ("This could be read as an indication that the Legislature has intended to treat fines and costs similarly for sentencing purposes. We decline to so construe Article 42.15, instead construing it as treating fines and costs similarly only in terms of where they are to be paid.").

Regardless of the label, Appellant was ordered to pay a punitive assessment in an amount greater than $100.00. The court of appeals, therefore, had jurisdiction over Appellant's appeal from county court and the panel erred by dismissing this appeal. Refusing Appellant the right of appellate review in this circumstance deprives him of both Due Process of Law and Equal Protection of the Law under the United States Constitution. See *Rinaldi v. Yeager*, 384 U.S. 305, 310 (1966) ("This Court has never held that the States are required to establish

18

avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts"); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956).

**QUESTION FOR REVIEW NUMBER THREE**: Is the term "fine imposed" that is contained within the statute conveying jurisdiction in a court of appeals of this State sufficiently broad to include sums ordered paid as a "special expense"?

(Op. at 2)

**Reasons for Review:**

1.     The panel decision of the Tenth Court of Appeals requires review because the court decided an important question of state law that that is in conflict with the applicable decisions of the United States Supreme Court. The panel decision is in conflict with the Supreme Court's decisions in *Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *Rinaldi v. Yeager*, 384 U.S. 305, 310 (1966); and *Giaccio v. Pennsylvania*, 382 U.S. 399, 402 (1966).

2.     The panel decision of the First Court of Appeals requires review because the court has misconstrued TEX. CRIM. PROC. CODE Ann. articles 4.03 and 45.051.

3.     The panel decision of the Court of Appeals requires review because the court of appeals has decided an important question of state law, which has not been, but should be settled by this Court.

4.     The panel decision of the Court of Appeals requires review because the court of appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's powers of supervision.

**Argument and Authorities:**

The term "fine imposed" contained within article 4.04 of the code of criminal procedures is sufficiently panoptic to include those monies required to be paid as a "special expense" under article 45.051 of the code of criminal procedure. Evidence of this construction is supported by the fact that the statute itself requires that any such "special expense" be credited toward the fine. Additionally, the statute conveying jurisdiction upon the court of appeals for cases involving fines exceeding $100.00 has been on the books since 1965. It is likely that this jurisdictional language predates the term "special expense" found within Article 45.051 by decades.

## PRAYER FOR RELIEF

FOR THESE REASONS, Appellant respectfully asks this Court to grant review of the decision of the court of appeals. Appellant further prays that this Court will reverse the judgment of the court of appeals.

Respectfully submitted,

By:   /s/ R. SCOTT SHEARER
      **R. Scott Shearer**
      TBA No. 00786464
      917 Franklin, Suite 320
      Houston, Texas 77002
      (713) 254-5629
      (713) 224-2889 FAX
      *ShearerLegal@Yahoo.com*

      **Attorney for Appellant**

      May 22, 2015

## CERTIFICATE OF SERVICE

I certify that a copy of this Petition for Discretionary Review has been served upon the State of Texas by e-mailing a copy of same to the following parties at their respective addresses on this the 22nd day of May, 2015:

BRAZOS COUNTY ATTORNEY'S OFFICE
300 E. 26TH STREET, SUITE 1300
BRYAN, TX 77803

/s/ R. SCOTT SHEARER
**R. Scott Shearer**

**CERTIFICATE OF COMPLIANCE WITH RULE 9.4(i)(3)**

Certificate of Compliance with Type-Volume Limitations
and Typeface Requirements.

1.   This Petition for Discretionary Review complies with the type-volume limitation of TEX. R. APP. PROC. 9.4(i)(2)(D) and (3) because:

> This Petition for Discretionary Review contains **2,307** words, excluding the parts of the Petition for Discretionary Review exempted by TEX. R. APP. PROC. 9.4(i)(1).

2.   This Petition for Discretionary Review complies with the typeface requirements of TEX. R. APP. PROC. 9.4(e) because:

> this Petition for Discretionary Review has been prepared in a conventional proportionally spaced typeface using Microsoft WORD 97 version 7.0 in Times New Roman 14 point type.

/s/R. SCOTT SHEARER
**R. Scott Shearer**

24

APPENDIX 1

APPENDIX 2

Cause No. 5054-A

THE STATE OF TEXAS                    *        IN THE COUNTY COURT
                                      *
VS.                                   *        AT LAW NUMBER 1 / 2
Robert Scott Shearer                  *
                                      *        BRAZOS COUNTY, TEXAS

ORDER SUSPENDING SENTENCE AND DEFERRING DISPOSITION
CLASS C

Upon Defendant's plea of guilty, the Court finds there is sufficient evidence to find the Defendant guilty of the offense of ___Speeding 15-19 over limit___, however, The Court orders that the finding of guilt shall not be final and the imposition of the fine be suspended and the Defendant placed on probation pursuant to Article 42.111 of the Texas Code of Criminal Procedure for _10 months_ until ___June 20___, 20 14, on the condition that during the term of probation, the Defendant will comply with the following terms:

__X__ 1. Commit no offense against the laws of the State of Texas or other State of the United States, including traffic offenses.

__X__ 2. Pay court costs in the amount of $ 204.10 within 30 days of the date of this order.

__X__ 3. Pay the Court a special expense fee set by the Court in the amount of $ 200.00 within 60 days of the date of this order.

_____ 4. Attend and successfully complete a defensive driver's education course within 90 days of this order.

__X__ 5. Notify the Court of ANY address change.

_____ 6. Complete _____ hours of community service.

_____ 7. Complete a 6 hour Alcohol Awareness course within 90 days of the date of this order.(NO ONLINE CLASSES)

_____ 8. The following other conditions: _____
_____.

**Pay all monies to the Brazos Collections Department at 300 E. 26th Street, Suite 208, Bryan, TX 77803.  NO PERSONAL CHECKS WILL BE ACCEPTED.**

The Court further orders that if the Defendant has presented satisfactory evidence to the County Clerk's Office by the date of___May 20___, 20 14, that she has complied with ALL of the conditions herein imposed, the complaint and appeal will be dismissed.  IF, HOWEVER, THE DEFENDANT FAILS TO PROVIDE SATISFACTORY EVIDENCE THAT THE CONDITIONS HAVE BEEN MET, SHE WILL BE FOUND GUILTY OF THE OFFENSE AND A FINE WILL BE IMPOSED NOT TO EXCEED $_200.00_, THE MAXIMUM FINE AVAILABLE FOR THIS OFFENSE.

Signed and entered this the _____ day of _____, 20_____.

_____
PRESIDING JUDGE

I have received a copy of my probation order and understand its terms.  I further understand that the Court will not extend my probation beyond the original probationary period.

_____        P.O. BOX 1741 Navasota, TX 77868
Defendant/Defendant's Attorney              Defendant's Mailing Address (not the attorney's address)

_____        713 254-5629
Prosecuting Attorney                          Defendant's Home Phone



# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00031-CR

**ROBERT SCOTT SHEARER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law No. 2**
**Brazos County, Texas**
**Trial Court No. 5054-A**

## MEMORANDUM OPINION

In this matter, appellant, Robert Scott Shearer, appeals a County Court at Law judgment in a trial de novo pertaining to a speeding ticket. In a letter dated December 17, 2014, this Court questioned its jurisdiction in this case, especially considering that theunderlying judgment did not appear to impose a fine or affirm a fine in excess of $100. *See* TEX. CODE CRIM. PROC. ANN. art. 4.03 (West Supp. 2014). We warned appellant that this appeal would be dismissed unless a response was filed within seven days of our December 17, 2014 letter adequately explaining why this Court has

jurisdiction over this appeal. To date, appellant has not responded to our December 17, 2014 letter.[1]

Under these circumstances, we conclude that the record demonstrates that appellant does not intend to pursue this appeal. Therefore, under our inherent authority, we dismiss this cause for want of prosecution. *See Ealy v. State*, 222 S.W.3d 744, 745 (Tex. App.—Waco 2007, no pet.) (citing *Peralta v. State*, 82 S.W.3d 724, 725-26 (Tex. App.—Waco 2002, no pet.)); *see also Evans v. State*, No. 10-09-00251-CR, 2010 Tex. App. LEXIS 546, at *3 (Tex. App.—Waco Jan. 27, 2010, no pet.) (mem. op., not designated for publication). This cause is hereby dismissed.[2]

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Dismissed
Opinion delivered and filed January 15, 2015
Do not publish
[CR25]

---

[1] In fact, throughout the process, appellant has only filed one thing with this Court—a motion for extension of time to file a late brief that has not yet been filed.

[2] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. *See* TEX. R. APP. P. 49.1. If appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See id.* at R. 68.2(a).

