

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-16-00109-CR**

**EX PARTE ANTONIO GIL**

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. 32832-CR**

## MEMORANDUM OPINION

On April 6, 2016, appellant, Antonio Gil, filed his pro se notice of appeal, challenging the trial court's denial of his application for writ of habeas corpus. On April 21, 2016, the Clerk's Record and the Reporter's Record were filed. We later discovered that the Clerk's Record did not contain a certification of appellant's right of appeal. Accordingly, on May 26, 2016, we sent appellant a letter requesting that he cause the certification to be completed and included in a Supplemental Clerk's Record within thirty days. We received no response from appellant. Thereafter, on August 10, 2016, we abated and remanded this matter for the trial court to submit a Supplemental Clerk's Record containing a certification of appellant's right of appeal. On August 26, 2016, we

received a Supplemental Clerk's Record containing the missing certification of appellant's right of appeal. We therefore reinstated this appeal.

On September 1, 2016, we sent appellant another letter—this time informing him of the fact that his brief was late. In our letter, we warned appellant that a failure to file his brief within fourteen days of September 1, 2016, would result in us abating this matter once again for a "hearing to determine why no brief has been filed and whether [he] still desire[s] to prosecute this appeal."

On October 12, 2016, after failing to receive a response from appellant, we abated and remanded this proceeding to the trial court to conduct a hearing to determine whether appellant wished to continue this appeal and to inquire about appellant's brief. At the abatement hearing, appellant indicated that he wished to continue this appeal. Accordingly, we reinstated this matter and ordered appellant to file his appellant's brief within thirty-five days of November 15, 2016. In our order, we informed appellant that a failure to file his appellant's brief within thirty-five days of November 15, 2016 could result in this appeal being dismissed for want of prosecution. To date, we have not received appellant's brief in this matter.

Our review of the record reveals that appellant has completely failed in his duty to prosecute this appeal, to contact the Court, and to take any further action toward prosecuting this appeal. As such, we dismiss this appeal, under our inherent authority, for want of prosecution. *See* TEX. R. APP. P. 44.3; *Ealy v. State*, 222 S.W.3d 744, 745 (Tex.

App.—Waco 2007, no pet.) (citing *Peralta v. State*, 82 S.W.3d 724, 725-26 (Tex. App.—Waco 2002, no pet.)); *see also Evans v. State*, No. 10-09-00251-CR, 2010 Tex. App. LEXIS 546, at *3 (Tex. App.—Waco Jan. 27, 2010, no pet.) (mem. op., not designated for publication).

 

                          AL SCOGGINS
                          Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Appeal dismissed
Opinion delivered and filed January 11, 2017
Do not publish
[CR25]

