

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00052-CR

**JOSE MANUEL MENDOZA IPINA,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

**From the County Court
Navarro County, Texas
Trial Court No. 72438**

## MEMORANDUM  OPINION

On February 19, 2016, Jose Manuel Mendoza Ipina filed a notice of appeal from his conviction for driving while intoxicated.  Ipina entered a plea of no contest and was sentenced to 90 days in the county jail.  The reporter's record was filed on February 22, 2016, and the clerk's record was filed on March 11, 2016.  Appellant's brief was due on April 10, 2016.  *See* TEX. R. APP. P. 38.6 (a).  This Court did not receive a brief from Appellant or a motion for extension of time to file the brief.  On April 11, 2016, this Court

sent a letter to Damra Watkins, Appellant's counsel, requesting her to file a docketing statement, but Watkins never responded to the request.

On March 14, 2017, this Court sent a letter to Watkins notifying her that the brief was overdue. This Court did not receive a response from Watkins. On April 6, 2017, this Court sent another letter to Watkins informing her that the brief was overdue and that the appeal would be abated unless a brief or satisfactory response was received within 14 days from the date of the letter. Watkins did not respond to the letter. On May 10, 2017, we abated and remanded this matter for the trial court to determine why a brief had not been filed in this appeal.

On May 17, 2017, the trial court held a hearing pursuant to the abatement order. At the hearing, Watkins stated that when she was initially appointed to represent Appellant, she was informed Appellant was ambivalent about the appeal. She went to the Navarro County Jail to consult with Appellant, but was told that he was picked up by ICE and transported out of the Navarro County Jail. Watkins filed the notice of appeal and requested preparation of the record, but she was never able to locate Appellant. Watkins reviewed the record and found no grounds for an appeal. Watkins learned that Appellant had been deported, but she did not respond to this Court's letters or inform the Court that she could not locate Appellant. Watkins stated that she would file a motion to dismiss or an Anders brief, but she could not send either one of those to Appellant.

Our review of the record reveals that Appellant has completely failed in his duty to prosecute this appeal, to contact the Court, and to take any further action toward prosecuting this appeal. As such, we dismiss this appeal, under our inherent authority, for want of prosecution. *See* TEX. R. APP. P. 44.3; *Ealy v. State*, 222 S.W.3d 744, 745 (Tex. App.—Waco 2007, no pet.) (citing *Peralta v. State*, 82 S.W.3d 724, 725-26 (Tex. App.—Waco 2002, no pet.)); *see also Evans v. State*, No. 10-09-00251-CR, 2010 Tex. App. LEXIS 546, at *3 (Tex. App.—Waco Jan. 27, 2010, no pet.) (mem. op., not designated for publication).


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
(Chief Justice Gray dissenting)*
Appeal dismissed
Opinion delivered and filed June 14, 2017
Do not publish
[CR25]

*Chief Justice Gray dissents. A separate opinion will not issue but he provides the following note: The defendant in this proceeding has apparently been deported making compliance with appointed counsel's duties difficult, if not technically impossible. But even if it is technically impossible to comply with all the notice provisions required to communicate with a client, the inability to locate the client does not make the ability to represent the client ineffectual. If, after review of the full record, counsel believes it is appropriate to file an Anders Motion to withdraw and brief in support, she should do so and we should conduct a review to determine if we agree that the appeal is frivolous. While counsel may be unable to send copies of the motion and brief and effectuate the other notices required in an appeal under the Anders rubric, the

communications could be sent to the defendant's last known address before he was arrested and deported and to the Mexican Consulate. Moreover, in all of the appeals which were dismissed because the defendant failed to pursue or abandoned the appeal, as in our controlling authority cited in the opinion, the dismissals were based on the apparent ability of the defendant to pursue the appeal but failed to do so. In this instance I see no "ability" of the defendant to do so. In fact, I see specific impediments imposed by the government that appear to have actively interfered with the defendant's ability to pursue the appeal. Moreover, the obvious language barrier imposes another level of restriction on the ability of the defendant to exercise his statutory right to appeal and right to counsel on the first appeal of right. Notwithstanding the "inability to locate" the defendant and thus the inability to send him copies of the *Anders* motion to withdraw and brief in support, I find no other impediment on the ability to process this proceeding on the merits or the lack of it, in essence, as an *Anders* appeal. Accordingly, I cannot join the dismissal of this proceeding on the theory that the defendant/appellant has failed to prosecute it with diligence, and respectfully dissent to the opinion and judgment of the Court.

